**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ALO, LLC,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SEAN FANG, et al.,<br><br>　　　　　Defendants. | Case No.  25-cv-11126-PHK<br><br>**ORDER GRANTING ALO LLC'S *EX PARTE* APPLICATION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENA**<br><br>Re: Dkt. 16 |

Now before the Court is Plaintiff Alo, LLC's ("Alo") *Ex Parte* Application for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference.  [Dkt. 16].  Because Defendants kyy_40 and Sean Fang ("Fang") (collectively, "Defendants") have not been identified or served, no opposition has been filed.  Having reviewed Alo's application and all supporting documents, the Court **GRANTS** the *ex parte* application.

### BACKGROUND

Alo alleges that it is a "premium apparel and health-and-wellness company that specializes in luxury activewear," where each Alo product "bears at least one of its distinctive trademarks." [Dkt. 7 at ¶¶ 1-2].  Alo's products are marketed using its trademarks ("ALO Marks"), which are allegedly "inherently distinctive and serve as signifiers of Alo's premium apparel and other products."  *Id.* at ¶ 13.  Alo's products are "exclusively sold through Alo's website (www.aloyoga.com) and its brick-and-mortar stores in the United States and abroad."  *Id.* at ¶ 12. Alo indicates it is a California limited liability company with its principal place of business in Los Angeles County, California.  *Id.* at ¶ 4.

Defendants are accused of selling and offering to sell counterfeit Alo goods on the online

United States District Court
Northern District of California

commerce platform <ebay.com> hosted by EBAY INC. ("eBay") in violation of Alo's trademark rights. *See id.* at ¶¶ 17-21. eBay is a well-known Internet-based online marketplace for the sale of goods and services among its registered users. *Gentry v. eBay, Inc.*, 99 Cal. App. 4th. 816, 820 (2002).

Alo alleges that Defendants, at a time unknown to Alo, "unlawfully offered to sell, facilitated the sale of, sold and continue to sell goods that were neither made by Alo nor by its authorized manufacturers, all by using reproductions, counterfeits, copies and/or colorable imitations of Alo products" on the eBay platform. *Id.* at ¶¶ 17-18. On November 4, 2025, a representative of Alo allegedly purchased products purporting to be "ALO Yoga Women's Black Activewear Set Sports Bra & Leggings" from Defendant kyy_40's eBay seller page. *Id.* at ¶ 18. The products were allegedly shipped to an address in Winnetka, California and received by Alo's representative on November 8, 2025. *Id.* at ¶ 19. The return sender information on the exterior packaging was listed as: "Sean Feng, 233 E Harris Ave Unit C1, South San Francisco, California, 94080." *Id.* These products allegedly bore "at least one ALO Mark on the product itself, arrived in a plastic bag displaying the ALO Mark, and had at least one 'Alo' branded tag." *Id.* at ¶ 20. As of December 17, 2025, Defendants allegedly continue to maintain listings for allegedly counterfeit "Alo" Products on the eBay platform, as evidenced by screenshots from Defendant kyy_40's seller page. *Id.* at ¶ 22; Dkt. 7-5 at 3-4.

Subsequent to the first instance of alleged trademark infringement, an Alo representative purchased products purporting to be "Alo Yoga Women's White 2-piece Set Sports Bra & Leggings Outfit." *Id.* at ¶ 23. When the Alo representative allegedly received the products on December 8, 2025, the return sender information on the exterior packaging was again listed as: "Sean Feng, 233 E Harris Ave Unit C1, South San Francisco, California, 94080." *Id.* at ¶ 24. These products, like the first set, "each bore at least one ALO Mark on the product itself, arrived in a plastic bag displaying the ALO Mark, and had at least one 'Alo' branded tag." *Id.* at ¶ 25. Upon information and belief, Alo alleges that the sale of counterfeit Alo products was "either knowing and intentional, or undertaken with willful ignorance of the counterfeit nature of the products." *Id.* at ¶ 26. Alo "has not authorized any third party, including Defendants, to market or sell apparel or yoga-related

2

products in connection with the ALO Marks." *Id.* at ¶ 28. Accordingly, Alo alleges that Defendants are "actively using, promoting, and otherwise advertising, distributing, selling and/or offering for sale Counterfeit 'Alo' Products bearing the ALO Marks with the intent that such goods will be mistaken for genuine Alo products, despite Defendants' knowledge that it does not have authority to use the ALO Marks." *Id.* at ¶ 30. Alo alleges that there is a "high likelihood of confusion between the counterfeit products sold by Defendants . . . and genuine Alo products," which will "harm[] Alo's brand and goodwill with consumers." *Id.* at ¶ 31.

Based on these forgoing allegations, on January 2, 2026,[1] Alo filed the operative Complaint in this action against Defendants alleging trademark infringement under 15 U.S.C. § 1114, false designation of origin under 15 U.S.C. § 1125(a)(1)(A), unfair competition under 15 U.S.C. § 1125(a)(1)(B), and unfair business practices under California Business and Professions Code § 17200, et seq. *See* Dkt. 7. On February 16, 2026, Alo filed the instant *ex parte* application requesting leave to serve eBay with a subpoena under Fed. R. Civ. P. 45. [Dkt. 16]. Alo alleges that eBay has the ability to identify Defendants discovered by the investigation discussed herein, because Defendants would have "provided valid contact information—including a valid and active email address and physical address for the business—to eBay when registering as a seller on the platform." *Id.* at 2. Alo represents that the requested subpoena will be limited to seeking from eBay the "current residential or business contact information for Defendants." *Id.* at 4.

## DISCUSSION

### I.    LEAVE TO SERVE AN EARLY, LIMITED SUBPOENA ON EBAY

Pursuant to Rule 26(d)(1), a party may not seek discovery from any source prior to the parties' conference required by Rule 26(f). However, per Rule 26(d)(1), the Court has authority to allow discovery prior to the Rule 26(f) conference and thus outside this timing limitation. *See also* Fed. R. Civ. P. 26 advisory committee's note (1993) ("Discovery can begin earlier if authorized . . . by local rule, order, or stipulation. This will be appropriate in some cases[.]").

The Court may authorize early discovery before the Rule 26(f) conference if the requesting

---

[1] Alo filed the original Complaint on December 31, 2025 [Dkt. 1], but due to unreadability, Alo filed the first readable version of the Complaint on January 2, 2026 [Dkt. 7].

<div style="margin-left:auto">United States District Court<br>Northern District of California</div>

party establishes "good cause" for the early discovery. *Semitool, Inc. v. Tokyo Electron Am. Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs prejudice to the responding party." *Id.*

As with all discovery matters, "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). "And the court may also set the timing and sequence of discovery." *Id.* at 599 (citing Fed. R. Civ. P. 26(d)). Thus, the decision whether or not to grant early discovery under Rule 26(d) is within the Court's discretion. *Quinn v. Anvil Corp.*, 620 F.3d 1005, 1015 (9th Cir. 2010) ("We review district court rulings on discovery matters for abuse of discretion."). Further, a decision to deny early discovery under Rule 26(d) "will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant." *Med Vets, Inc. v. VIP Petcare Holdings, Inc.*, 811 F. App'x 422, 424 (9th Cir. 2020) (quoting *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)).

In evaluating a motion for expedited discovery, the District Court in *Med Vets* considered the following factors to determine whether good cause exists to justify the requested early discovery: (1) whether a preliminary injunction is pending; (2) the breadth of the discovery request; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made. *Med Vets, Inc. v. VIP Petcare Holdings, Inc.*, No. 18-cv-02054-MMC, [Dkt. 45] at *3 (N.D. Cal. Nov. 28, 2018) (quoting *Rovio Ent. Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 1086, 1099 (N.D. Cal. 2012)). The Ninth Circuit affirmed the District Court's decision on the request for expedited discovery. *Med Vets*, 811 F. App'x at 424.

A request for early discovery, such as the instant *ex parte* application, may arise particularly in a case involving alleged wrongful conduct in connection with use of the internet. As discussed by precedent:

> With the rise of the Internet has come the ability to commit certain tortious acts, such as defamation, copyright infringement, and trademark infringement, entirely

United States District Court
Northern District of California

on-line. The tortfeasor can act pseudonymously or anonymously and may give fictitious or incomplete identifying information. Parties who have been injured by these acts are likely to find themselves chasing the tortfeasor from Internet Service Provider (ISP) to ISP, with little or no hope of actually discovering the identity of the tortfeasor.

In such cases the traditional reluctance for permitting filings against John Doe defendants or fictitious names and the traditional enforcement of strict compliance with service requirements should be tempered by the need to provide injured parties with an (sic) forum in which they may seek redress for grievances. However, this need must be balanced against the legitimate and valuable right to participate in online forums anonymously or pseudonymously. People are permitted to interact pseudonymously and anonymously with each other so long as those acts are not in violation of the law. This ability to speak one's mind without the burden of the other party knowing all the facts about one's identity can foster open communication and robust debate. Furthermore, it permits persons to obtain information relevant to a sensitive or intimate condition without fear of embarrassment. People who have committed no wrong should be able to participate online without fear that someone who wishes to harass or embarrass them can file a frivolous lawsuit and thereby gain the power of the court's order to discover their identity.

Thus some limiting principals should apply to the determination of whether discovery to uncover the identity of a defendant is warranted.

*Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578 (N.D. Cal. 1999) (footnote omitted).

*Columbia* thus identified four factors to assist in determining whether a plaintiff has established good cause to conduct early discovery to identify Defendants whose identities are unknown. Courts look to "whether the plaintiff (1) identifies the Doe defendant with sufficient specificity that the court can determine that the defendant is a real person who can be sued in federal court, (2) recounts the steps taken to locate and identify the defendant, (3) demonstrates that the action can withstand a motion to dismiss, and (4) proves that the discovery is likely to lead to identifying information that will permit service of process." *Zoosk Inc. v. Doe 1*, No. C 10-04545 LB, 2010 WL 5115670, at *2 (N.D. Cal. Dec. 9, 2010) (citing *Columbia Ins.*, 185 F.R.D. at 578–80). Additionally, the Ninth Circuit has relied on the first and third factors as weighing in favor of granting early discovery to determine an unknown defendant's identity. *See, e.g., Young v. Transp. Deputy Sheriff I*, 340 F. App'x 368, 369 (9th Cir. 2009); *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999).

5

Applying the *Columbia* factors here, the Court finds that all four factors weigh in favor of the requested, limited early discovery. First, Alo alleges sufficient details to enable this Court to conclude that Defendants are more than likely actual individuals who can be legally sued in federal court. "A plaintiff may show that a defendant is a real person or entity by providing evidence of 'specific acts of misconduct that could only have been perpetrated by actual people, as opposed to a mechanical process.'" *Distinct Media Ltd. v. Doe Defendants 1-50*, No. 15-cv-03312 NC, 2015 WL 13389609, at *2 (N.D. Cal. Sept. 29, 2015) (citation omitted).

Here, Alo alleges Defendants have a continued presence on eBay as "the seller kyy_40 is still associated with an active eBay store," which indicates that Defendants are real people operating their eBay seller page from a physical location. [Dkt. 16 at 3]. Further, Alo alleges that the "eBay platform requires its sellers to provide identification information in order to sell on the platform including, but not limited to, an email address, full name, address, date of birth and social security number." [Dkt. 16-1 at 2]. Although it is possible that Defendants provided eBay with fraudulent identifying information, the Court finds it reasonably plausible that the contact information that Defendants would have had to provide to eBay would lead to the identification of actual individuals subject to suit in federal court. Additionally, the San Francisco address provided on the packages received by Alo from Defendant Fang provides at least a plausible basis to conclude that either Defendants are located at that San Francisco address or, at least, are located in the Northern District because they have demonstrated the kind of familiarity a locally based person would have of a specific and actual location in San Francisco. Thus, Plaintiff has provided sufficient basis to conclude that Defendants are likely individuals located within the jurisdiction of this Court.

Second, Alo provides a detailed account of steps taken in its attempts to locate and identify Defendants. *See Malibu Media, LLC v. Doe*, No. 16CV1908-BAS(JMA), 2016 WL 6216180, at *2 (S.D. Cal. Oct. 25, 2016) ("Plaintiff must identify all previous steps taken to identify the Doe Defendant in a good faith effort to locate and serve it."). Here, after discovering that Defendants were allegedly selling Alo-labeled products under a listed return address of 233 E Harris Ave Unit C1, South San Francisco, California, 94080, Alo contacted a process server to serve Defendants. [Dkt. 16-1 at 2]. When the process server visited that address for service, they allegedly "could not

United States District Court
Northern District of California

United States District Court
Northern District of California

find evidence Defendants are located at this address or that a unit C1 even exists at 233 E Harris Ave." [Dkt. 16 at 2]. The names "Sean Fang" and "kyy_40" were not listed in the online directory for the building. [Dkt. 16-1 at 2].

After attempting to serve process, Alo subsequently "attempt[ted] and fail[ed]," to find additional contact information for Defendants. [Dkt. 17 at 2]. Since Alo had no IP address, phone number, or other means by which to identify Defendants aside from their eBay seller names, Alo's only means of identifying Defendants was through the listed return address allegedly provided by Defendant Fang. Because Alo attempted and failed to serve Defendants at the provided address, the Court finds that Alo's efforts are sufficient to satisfy this factor. *See Strike 3 Holdings LLC v. Doe*, No. 18-CV-06938-WHO, 2019 WL 402358, at *2 (N.D. Cal. Jan. 31, 2019) (finding plaintiff's efforts sufficient, including web searches of the IP addresses, references to other sources of authority, and a declaration from an IT expert stating that the service provider was the only entity with the ability to identify the defendant).

Third, Alo's Complaint could withstand a motion to dismiss because the Court concludes that Alo sufficiently pleads trademark infringement under 15 U.S.C. § 1114. A complaint underlying an application for early discovery must be able to withstand a motion to dismiss to "prevent abuse of this extraordinary application of the discovery process and to ensure that plaintiff has standing to pursue an action against defendant." *Columbia Ins.*, 185 F.R.D. at 579–80. Under the familiar standards, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To plead a *prima facie* case of trademark infringement under the Lanham Act, 15 U.S.C. § 1114, a plaintiff must establish "(1) that it has a protectible ownership interest in the mark; and (2) that the defendant's use of the mark is likely to cause consumer confusion." *Good Meat Project v. GOOD Meat, Inc.*, 716 F. Supp. 3d 783, 796-97 (N.D. Cal. 2024) (quoting *Network Automation, Inc. v. Advanced Sys. Concepts, Inc.*, 638 F.3d 1137, 1144 (9th Cir. 2011)).

Here, Alo claims ownership of several trademarks registered with the U.S. Patent and Trademark Office, including trademarks with Reg. Nos. 3875869, 4519311, 5172308, 5172309, and

7

6137833, as well as application number 98085815, for various types of athletic wear. [Dkt. 7 at ¶¶ 14-15]. Alo alleges that Defendants used one or more of the identified Alo Marks to sell allegedly counterfeit Alo products to consumers on eBay. *Id.* at ¶¶ 17-18. As discussed above, the counterfeit products purchased by Alo's representatives "bore at least one ALO Mark on the product itself, arrived in a plastic bag displaying the ALO Mark, and had at least one "Alo" branded tag." *Id.* at ¶ 20. Finally, Alo alleges that Defendants are "not authorized . . . to market or sell apparel or yoga-related products in connection with the ALO Marks." *Id.* at ¶ 28. Without ruling or expressing premature opinions on the ultimate merits of this case, the Court finds that at this stage Alo's Complaint could withstand a motion to dismiss because it has established a *prima facie* case of trademark infringement under the Lanham Act.

Finally, Alo has established that the requested, limited early discovery is likely to lead to identifying information which will likely reveal the identity of Defendants. In order to establish this factor, a Plaintiff must "provide enough concrete details about who these individuals are or how they eventually could be identified, located, and served." *Biesenbach v. Does 1–3*, No. 21-cv-08091-DMR, 2022 WL 17371156, at *4 (N.D. Cal. July 18, 2022). Alo alleges that eBay "will likely have current contact information for one or both of the[] Defendants, obtained from Defendants registering and maintaining the eBay seller account used to sell the counterfeit 'Alo' products." [Dkt. 17 at 2]. eBay allegedly has in its possession Defendants' names and their physical address since some natural person signed up for and is paying eBay to be a registered seller on eBay's website. [Dkt. 16-1 at 2-3 (Declaration of Hillary I. Schroeder: "The eBay platform requires its sellers to provide identification information in order to sell on the platform including, but not limited to, an email address, full name, address, date of birth and social security number. Registered businesses are required to submit additional information, including a business address.")]. Alo claims eBay is in a position to provide this limited information in response to the requested early subpoena, and Alo argues that, after receipt of that information, Plaintiff will be able to identify Defendants and ultimately serve process. [Dkt. 16 at 5]. Accordingly, the Court finds that Alo has made a sufficient showing to satisfy this factor.

Further, applying the good cause factors identified by the District Court in *Med Vets* leads

United States District Court
Northern District of California

to the same result. *Med Vets*, No. 18-cv-02054-MMC, [Dkt. 45] at *3, *aff'd Med Vets*, 811 F. App'x at 424. First, while a preliminary injunction is not pending, here the requested early discovery is needed to allow the case to proceed against Defendants whose locations are currently unknown. Second, Alo represents to the Court that the breadth of the proposed discovery request is limited and narrow: the proposed subpoena will only seek from eBay the "active email address, a residential address and/or a business address," of the natural person who is the registered eBay seller behind the seller's page at issue. [Dkt. 16 at 4]. Third, the purpose for requesting the expedited discovery is discussed above: Alo needs the discovery in order to be able to identify the locations and identities of the people that are Defendants and thus to allow this case to go forward. Fourth, the burden on the target of the discovery to comply with the requests appears cabined by Alo's commitment to seek only limited discovery from eBay and not free-ranging discovery to try to identify Defendants. Finally, Alo's request is presented at the outset of this case and thus far in advance of the typical discovery process, but this is by necessity since Alo alleges it needs to identify and locate Defendants in order to pursue the case beyond this filing and service of process stage. In sum, in light of the *Med Vets* factors, the Court finds that Alo has demonstrated good cause warranting the requested, early, and limited discovery.

In light of the facts and evidence presented to the Court and applying these facts to the legal standards for early discovery, the Court finds that Alo has demonstrated good cause warranting the requested early, limited discovery (specifically, the subpoena to eBay) to determine the location information and identity of Defendants. Here, in consideration of the administration of justice, the need for the requested discovery (to identify and locate the defendants and allow the case to go forward) outweighs the prejudice to eBay (the target of the requested discovery) in light of the limited and narrow nature of the requested subpoena. *Semitool*, 208 F.R.D. at 276. Indeed, here the trademark infringement claims are supported by evidence of physical products and packaging bearing Alo's registered trademarks. *Cf. id.* ("It should be noted that courts have recognized that good cause is frequently found in cases involving claims of infringement and unfair competition."). Therefore, the Court **GRANTS** leave to serve the limited, proposed third-party subpoena on eBay prior to the Rule 26(f) conference in this matter.

<div align="center">

**CONCLUSION**

</div>

Pursuant to the discussion herein, the Court **GRANTS** Alo's *ex parte* application for leave to serve a limited, early third-party subpoena to eBay seeking only the specific information described herein.

This **RESOLVES** Dkt. 16.

**IT IS SO ORDERED.**

Dated: June 15, 2026

PETER H. KANG
United States Magistrate Judge

United States District Court
Northern District of California